COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-013-CV

IN THE INTEREST OF J.M.R.

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

William Trantham is attempting to appeal the trial court’s order disqualifying him from representing appellant Jerry Runnels in the underlying child custody proceeding.
(footnote: 2)  We dismiss Trantham’s appeal for want of jurisdiction.

Generally, an appeal is available only to parties named of record in the trial court.
(footnote: 3)  In this case, the only two parties named of record in the trial court were Christy Wortman and Jerry Runnels.  Trantham was not a party; he was merely Runnels’s attorney.

Trantham argues, however, that he has standing to appeal the disqualification order because he is named in the order, is bound by it, and is aggrieved by it.  We disagree.  Runnels, not Trantham, is aggrieved by the trial court’s order because the order precludes Runnels from being represented in the underlying case by the attorney of his choice (Trantham).
(footnote: 4)  Further, the controversy over who can represent Runnels is between him and Wortman, not between Wortman and Trantham.
(footnote: 5)  Accordingly, we dismiss Trantham’s appeal for want of jurisdiction.
(footnote: 6)

PER CURIAM

PANEL D:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  May 24, 2007 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court severed its order of disqualification into a separate cause number from the child custody proceeding; therefore, the disqualification order is final and appealable.  
See Nat’l Med. Enterps., Inc. v. Godbey,
 924 S.W.2d 123, 133 (Tex. 1996) (orig. proceeding).

3:
City of San Benito v. Rio Grande Valley Gas Co.,
 109 S.W.3d 750, 754 (Tex. 2003); 
see
 
Tex. R. App. P.
 25.1(b) (providing that a timely-filed notice of appeal “invokes the appellate court’s jurisdiction over all 
parties
 to the trial court’s judgment or order appealed from”) (emphasis supplied).

4:
See Nootsie, Ltd. v. Williamson County Appraisal Dist.,
 925 S.W.2d 659, 661 (Tex. 1996) (stating that a party has standing when he is personally aggrieved).

5:
See id.
 at 662 (noting that the test for standing in Texas requires a real controversy between the parties).

6:
Runnels’s appeal remains pending.